UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROBERTO ROPER, | CASE NO. 4:11CV415 |
| Plaintiff, | JUDGE BENITA Y. PEARSON |
| v. | Magistrate Judge George J. Limbert |
| JOHN DOES, et al., | **Report and Recommendation** |
| Defendants. | |

This matter is before Court upon the Motion to Dismiss pursuant to Fed.R.Civ.P. 12(B)(1) and 12(B)(6) filed on behalf of Defendants, D. Brammer and R. Lepiane on October 26, 2011, and the Motion to Dismiss pursuant to Fed.R.Civ.P. 12(B)(1) and 12(B)(6) filed on behalf of Defendant, the United States of America on October 26, 2011. ECF Dkt. #33, 34, respectively. With leave of Court, Plaintiff, Roberto Roper, who is currently an inmate at Federal Medical Center Butner ("FMC Butner") in North Carolina and is acting *pro se*, filed his opposition brief on June 13, 2012. ECF Dkt. #48. No reply brief was filed.

According to the Complaint, Plaintiff seeks compensation for prison work-related injuries under the Federal Torts Claims Act ("FTCA")[1] and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).[2] Plaintiff asserts that he contracted cancer as a result of exposure to carcinogens in the workplace, and that he received inadequate medical care, based upon

---

[1] The FTCA is a limited waiver of sovereign immunity, making the federal government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment. *United States v. Orleans*, 425 U.S. 807, 813 (1975). It is the exclusive remedy for such acts or omissions. 28 U.S.C. §2679.

[2] A *Bivens* action arises out of a violation of an individual's federal constitutional rights by one who is acting under color of federal law. *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 n. 1 (6th Cir.2000).

the prison medical staff's failure to diagnose Plaintiff's cancer until approximately one year after he discovered a lesion on his penis. The undersigned recommends that ths matter be dismissed in its entirety because there is no subject matter jurisdiction for the Court to hear this case.  The exclusive remedy available to Plaintiff for work-related injuries is the Inmate Accident Compensation Act, 18 U.S.C. § 4126 ("IACA"), a subsection of the Prison Industries Fund statute, which provides for compensation to inmates in the event of an injury suffered in any industry or in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined.[3]

I.   Facts

In determining whether to grant a motion to dismiss, the court may consider the allegations in the complaint, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir.2001). The Sixth Circuit has further held that documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim. *Id.*  The following facts are taken from the Complaint and the attachments to the Complaint.

From 2002 to 2010, Plaintiff was incarcerated at Federal Correctional Institution Elkton ("FCI Elkton") in Ohio where he worked at FCI Elkton's electronic recycling factory, which was operated by Federal Prison Industries, Inc. ("UNICOR"). ECF Dkt. #1 at 3, ¶¶1-3. In September 2002, Plaintiff began working at the "glass-breaking" station at the facility. ECF Dkt. #1 at 3, ¶4. Throughout his six years working at the facility, Plaintiff claims that he was exposed to "air-borne carcinogens." ECF Dkt. #1 at 4, ¶20. Plaintiff alleges that UNICOR did not properly protect him from the hazardous dust materials in the air.  ECF Dkt. #1 at 5, ¶¶27-35.

---

[3] Pursuant to federal regulations, Plaintiff can file his work related injury claim with the Claims Examiner at the Federal Bureau of Prisons "[n]o more than 45 days prior to the date of [his] release, but no less than 15 days prior to this date." 28 C.F.R. § 301.303(a).  According to the Federal Bureau of Prisons Inmate Locator, Plaintiff has a projected release date of April 23, 2018. *See* www.bop.gov.

Beginning in July of 2009 and continuing regularly until May of 2010, Plaintiff sought medical care at FCI Elkton for a red lesion on his penis. ECF Dkt. #1. The lesion was assessed first by Brammer, a registered nurse, then by Dr. Lepiane in July of 2009. *Id.* at 9, ¶¶57-60. Dr. Lepiane diagnosed a skin irritation with excoriation at the tip of the penis, and prescribed doxycline and lidex cream. *Id.* at 9, ¶¶60-61. Plaintiff was diagnosed with penile cancer on May 28, 2010, almost a year after the initial assessment, when Dr. Lloyd confirmed the lesion on Plaintiff's penis was a squamous cell carcinoma. *Id.* at 11, ¶¶74-75. In June of 2011, Plaintiff was transferred from FCI Elkton to FMC Butner where he underwent surgery and continues his penile cancer treatments. ECF Dkt. #1-15 at 1, 1-18 at 1-2.

On September 2, 2010, Plaintiff filed an administrative claim with the Federal Bureau of Prisons alleging that his penile cancer "is directly attributable to the carcinogenic environment at Elkton UNICOR." ECF Dkt. #1-10 at 11. On September 27, 2010, Plaintiff's administrative claim was denied. ECF Dkt. #1-10 at 13. The correspondence denying Plaintiff's administrative claim read, in pertinent part, "[t]he exclusive remedy for inmate accidents at work is the Inmate Accident Compensation System as set forth in Title 18, United States Code, Section 4126 and 28 Code of Federal Regulations, Part 301." ECF Dkt. #1-10 at 13.

Plaintiff also filed a "Request for Administrative Remedy" with the Federal Bureau of Prisons on September 20, 2010 seeking "an explanation as to why [he] was allowed to work in a hazardous area at the Unicor Facility in Elkton, Ohio." ECF Dkt. #1-10 at 5. On September 28, 2010, Plaintiff's request for administrative remedy appeal was denied. *Id.* at 6. On October 7, 2010, Plaintiff appealed the September 28, 2010 decision by submitting a regional administrative remedy appeal. ECF Dkt. #1-10 at 7. On November 9, 2010, Plaintiff's appeal was denied, because "the samplings performed at Elkton demonstrated that the exposure of lead and cadmium were well below the occupational limits… [and] [t]he report did not make any correlation between exposure to lead and cadmium and any resulting medical conditions at Elkton." ECF Dkt. #1-10 at 8.

Plaintiff claims that Defendant United States of America "failed to provide a safe work environment and failed to provide appropriate medical care." ECF Dkt. #1 at 12, ¶95. He also

claims that Defendants Lepiane and Brammer "fail[ed] to properly diagnose and timely treat [his] penile cancer." ECF Dkt. #1 at 12, ¶94.

II.     Standard of Review

Challenges to subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) "come in two varieties: a facial attack or a factual attack." *Gentek Bldg. Prod., Inc. v. Sherwin–Williams Co.*, 491 F.3d 320, 330 (6th Cir.2007). Under a facial attack, all of the allegations in the complaint must be taken as true, much as with a Rule 12(b)(6) motion. *Id.* Under a factual attack, however, the court can actually weigh evidence to confirm the existence of the factual predicates for subject-matter jurisdiction. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir.1996); see also 2 James Wm. Moore, Moore's Federal Practice § 12.30[4] (3d ed. 2000) ("[W]hen a court reviews a complaint under a factual attack, the allegations have no presumptive truthfulness, and the court that must weigh the evidence has discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve disputed jurisdictional facts."). The plaintiff bears the burden of establishing that jurisdiction exists. *Nichols v. Muskingum Coll.*, 318 F.3d 674, 677 (6th Cir.2003).

The Federal Rules of Civil Procedure require that pleadings, including complaints, contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). A complaint may be attacked for failure "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, the court will presume all of the factual allegations in the complaint are true and will draw all reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir.2008)(citing *Great Lakes Steel v. Deggendorf*, 716 F.2d 1101, 1105 (6th Cir.1983)). "The court need not, however, accept unwarranted factual inferences." *Id.* (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987)).

III.    Analysis

The IACA is the exclusive means of recovery for a federal prisoner injured in the performance of an assigned task while confined in a federal penitentiary. *United States v. Demko*, 385 U.S. 149, 151 (1966); *Fraley v. Department of Justice*, No. 95–5666, 113 F.3d 1234, 1997 WL

225495, (6th Cir. May 1, 1997)(Table). "*Demko* makes clear that §4126 is the sole remedy against the government where the injury is work-related, and the cause of the injury is irrelevant so long as the injury itself occurred while the prisoner was on the job." *Wooten v. United States*, 825 F.2d 1039, 1044 (6th Cir.1987) (internal quotation omitted).

Both of Plaintiff's claims fall under the compensation outlined in 18 U.S.C. § 4126. First, Plaintiff alleges that he contracted cancer because of his exposure to carcinogens in the air while he was working at the UNICOR recycling center at FCI Elkton. Section 4126 of Title 18 of the United States Code allows for "compensation to inmates or their dependents for injuries suffered in any industry or in any work activity in connection with maintenance or operation of the institution in which the inmates are confined." 18 U.S.C. § 4126(c)(4). The Code of Federal Regulations defines a work-related injury as "any injury, including occupational disease or illness, proximately caused by the actual performance of the inmate's work assignment." 28 CFR 301.102(a). Although the undersigned makes no determination as to whether Plaintiff's work assignment at the recycling center at FCI Elkton caused his penile cancer, the undersigned recommends that the Court find that Plaintiff's illness of penile cancer reasonably falls under the definition of "occupational disease or illness."

Second, Plaintiff alleges that he received inadequate medical care at FCI Elkton in which the medical staff "failed to properly diagnose [his] cancer." ECF Dkt. #1 at 2. The *Wooten* Court reasoned that "Section 4126 is also the exclusive remedy when a work-related injury is subsequently aggravated by negligence and malpractice on the part of prison officials…." *Wooten*, 825 F.2d at 1044; see 28 C.F.R. § 301.301(b). Plaintiff alleges that the medical staff at FCI Elkton should have diagnosed his penile cancer. ECF Dkt. #1 at 2. This undersigned recommends that the Court find that this claim falls squarely under the Sixth Circuit's holding that the IACA is the exclusive remedy for Plaintiff's claim that his penile cancer went undiagnosed due to inadequate medical care. *Wooten*, 825 F.2d at 1044.

Since the IACA is the exclusive remedy through which federal inmates employed in UNICOR work programs can seek compensation, it preempts any FTCA claims. Moreover, three panels of the Sixth Circuit have specifically held that the IACA bars Plaintiff's *Bivens* claims as

-5-

well. *Springer v. United States*, No. 99-6276, 2000 WL 1140767, at *1 (6th Cir. Aug. 8, 2000); *Walls v. Holland*, No. 98-6506, 1999 WL 993765, at *1 (6th Cir. Oct. 18, 1999); *Fraley v. DOJ*, No. 96-5666, 1997 WL 225495, at *1 (6th Cir. May 1, 1997).

*Springer* is directly on point. In that case, a federal prisoner asserted FTCA and *Bivens* claims based upon an injury he suffered cleaning windows at FCI Butner in his capacity as an orderly. He sued both the United States of America and a correctional officer, whom he alleged had ordered him to stand on an overturned garbage can in order to reach a particular window. The *Springer* Court affirmed the District Court's dismissal of both claim for lack of subject matter jurisdiction, finding that the IACA is "the exclusive means of compensation for federal inmates who sseek damages as a result of work-related injuries." *Springer* at *1.

IV. Conclusion

For the foregoing reasons, the undersigned recommends that the motions to dismiss be granted and this case be dismissed in its entirety for lack of subject matter jurisdiction.

DATE: July 10, 2012

         */s/George J. Limbert*
         GEORGE J. LIMBERT
         UNITED STATES MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).