PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT ROPER, | ) | CASE NO. 4:11CV00415 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| JOHN DOE, WARDEN, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** |

 Before the Court is *Pro se* Plaintiff Robert Roper's Complaint seeking compensation for prison work-related injuries under the Federal Torts Claims Act ("FTCA")[1] and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).[2] ECF No. 1. Defendants D. Brammer and R. Lepiane filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6); and Defendant United States of America filed a separate Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). ECF Nos. 33; 34 (respectively). Plaintiff, with leave of court, filed his opposition, to which Defendants did not reply. ECF No. 48.

 Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2, this case was referred to Magistrate Judge George J. Limbert for general pretrial supervision, which includes the consideration and submission of a recommendation on dispositive motions. In his Report, the magistrate judge recommends that Defendants' motions to dismiss be granted and the case

---

[1] The FTCA is a limited waiver of sovereign immunity, making the federal government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment. *United States v. Orleans*, 425 U.S. 807, 813 (1975). It is the exclusive remedy for such acts or omissions. 28 U.S.C. § 2679.

[2] A *Bivens* action arises out of a violation of an individual's federal constitutional rights by one who is acting under color of federal law. *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 n.1 (6th Cir. 2000).

dismissed in its entirety for lack of subject matter jurisdiction.  ECF No. 49.

Fed. R. Civ. P. 72(b)(2) provides that objections to a report and recommendation must be filed within fourteen (14) days after service.  If the magistrate judge's recommendation is served upon the parties by mail, the additional three (3) day period of Fed. R. Civ. P. 6(d) applies to extend the fourteen (14) day objection period.  *See* Fed. R. Civ. P. 72(b) advisory committee's note 1983 Addition.[3]  In the instant case, Plaintiff has not filed objections to the magistrate judge's Report and Recommendation.  Any further review by this Court would be a duplicative and inefficient use of the Court's limited resources.  *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Services*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

Accordingly, the Report and Recommendation of the magistrate judge is hereby adopted. Defendants D. Brammer and R. Lepiane's and Defendant the United States of America's motions to dismiss are granted.  ECF Nos. 33; 34 (respectively).  *Pro se* Plaintiff Robert Roper's Complaint is dismissed.  ECF No. 1.  Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed. R. App. P. 22(b).

IT IS SO ORDERED.

| | |
|---|---|
| July 30, 2012 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |

---

[3] The docket reflects that a copy of the Report and Recommendation (ECF No. 49) was mailed to Plaintiff on July 10, 2012.