PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERTO ROPER, | ) | CASE NO.  4:11CV00415 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| JOHN DOE, WARDEN *et al*., | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** [Regarding ECF No. 54] |

On December 13, 2012, the Court issued an Order instructing the Defendant United States to submit a supplemental brief addressing whether a cause of action pursuant to *Bivens* is precluded by the Inmate Accident Compensation Act ("IACA") when a prisoner alleges facts that rise to the level of deliberate indifference.  ECF No. 60.  The United States responded.  ECF No. 61.  In its response, the United States asserts that the Court need not answer that question because the question is not squarely before it.  ECF No. 61 at 2.  The United States avers that the only individual defendants who were identified and properly served were defendants Brammer and Lepiane, and that Plaintiff's claims against these individual defendants is related to the medical care Plaintiff received, and not related to the work environment to which Plaintiff was exposed and which Plaintiff alleged facts that arguably rise to the level of deliberate indifference.  ECF No. 61 at 2.

The docket supports the United State's assertion that only Brammer and Lepiane were identified and served and that Plaintiff's claims against them were for medical malpractice.  ECF

(4:11CV00415)

Nos. 18; 1 at 9. Accordingly, Plaintiff's Rule 60(b) motion for relief from judgment (ECF No. 54) is denied.

    IT IS SO ORDERED.

| | |
|---|---|
|   April 3, 2013 |   */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |